## CHARLES SEARS *v.* MARTIN DULING.

### May Term, 1905.

Present:   ROWELL, C. J., TYLER, START, WATSON, HASELTON, and
POWERS, JJ.

#### Opinion filed July 22, 1905.

*Infant Defendant—Appearance by Attorney—Continuance Without Appointment of Guardian Ad Litem—Effect.*

An infant defendant seasonably entered an appearance by attorney at the term to which the writ was returnable, and the case was then continued, without the appointment of a guardian *ad litem.* *Held,* that the appearance by attorney was an appearance by defendant; and that, at the term to which the case was continued, the court had jurisdiction to appoint a guardian *ad litem,* and to proceed with the cause upon its merits to final judgment.

CASE FOR SLANDER. Heard on defendant's motion to dismiss the case, at the December Term, 1903, Windsor County, *Munson,* J., presiding. Motion overruled. The defendant excepted. The opinion states the case.

*Davis & Davis* for the defendant.

The motion should have been sustained. The infant never "appeared" till the December term, 1903. *Fall River Foundry Co.* v. *Doty,* 42 Vt. 412; *Fuller* v. *Smith,* 49 Vt. 253.

A continuance of a case, without an appearance by defendant, operates as a discontinuance. *Paddlefoot* v. *Bancroft,* 22 Vt. 536.

*Joseph C. Enright* and *Edward R. Buck* for the plaintiff.

START, J. The defendant, while a minor, was arrested on a writ returnable at the June term, 1903, of the Windsor County Court. An appearance by an attorney, having been seasonably entered, the cause was continued without the appointment of a guardian *ad litem.* At the following term the defendant appeared in person, and a guardian *ad litem* was appointed, and a motion to dismiss the cause was filed. The motion was overruled and the defendant excepted.

The defendant insists that he was incapable of appearing in the cause for himself; that he could not appoint an attorney to appear for him; that there was no appearance by him at the term the cause was continued, and that the continuance operated as a discontinuance.

The appearance by an attorney at the term to which the writ was returnable must be regarded as an appearance by the defendant, and it can not be said that no appearance had been entered by him at the time the cause was continued, and the continuance did not have the effect of a discontinuance.

The case was so far within the control of the court, at the term to which it was continued, that it could then appoint a guardian *ad litem* and proceed with the cause upon its merits to final judgment.

The case of *Barber* v. *Graves,* 18th Vt. 290, is in point. In that case the suit was commenced before a justice of the peace; the infant appeared by an attorney; he was there defeated; he appealed to the county court where he appeared by an attorney and was again defeated. The judgment was reversed on writ of error, and the cause remanded to the county court where a guardian *ad litem* was for the first time appointed, who moved to dismiss the cause and the denial of the motion by the county court was, by this Court, held correct.

*Judgment affirmed, and cause remanded.*